# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| CARRUM TECHNOLOGIES, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-cv-1647-RGA |
| FORD MOTOR COMPANY | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Unified Patents

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Farnan LLP, Brian Farnan, 919 North Market Street, 12th Floor, Wilmington, DE 19801 | Date and Time: 7/28/2021   12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/8/2021

*CLERK OF COURT*

OR

_____          /s/ John Hughes
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Carrum Technologies, LLC , who issues or requests this subpoena, are:

BARTLIT BECK LLP, 1801 Wewatta Street, Suite 1200, Denver, CO 80202

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-1647-RGA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "You" and "Your" means Unified Patents, and its parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and acquired assets of business units, and any of its present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on its behalf.

2. "Defendant" means Ford Motor Company; including its parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and acquired assets of business units, and any of its present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents, and all other persons acting on their behalf.

3. The term "Carrum" refers to Carrum Technologies, LLC and all of its predecessors, successors, officers, directors, principals, agents, employees, independent contractors working under their control, and other persons acting on their behalf.

4. "Carrum Patents" means U.S. Patent Nos. 7,512,475 and 7,925,416, U.S. Patent Pub. 2005/0209766, U.S. Patent App. 10/804,745, U.S. Patent Pub. 2009/0150039, and U.S. Patent App. 12/371,792.

5. "Action" or "lawsuit" refers to *Carrum Technologies, LLC v. Ford Motor Company*, C.A. No. 18-1647-RGA in the U.S. District Court for the District of Delaware.

6. "Communication" means any transmission of information by one or more persons, received by one or more persons, and/or between two or more persons by any means.

7. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

8. "All documents" means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents.

9. The terms "and" and "or" are to be construed conjunctively and disjunctively so as to achieve the broadest possible meaning.

10. The terms "all," "any," and "each" encompass "any and all."

11. "Including" means "including, but not limited to," or "including, without limitation," so that the Request shall acquire the broadest possible meaning. Likewise, "includes" means "includes, but is not limited to," or "includes, without limitation."

12. "Concerning," "referred to," "referring to," "refer to," "related to," "relating to," or "relate to," means, without limitation, assessing, comprising, constituting, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

13. Where used in these Requests, the words "and" and "or" shall be conjunctive and disjunctive, the words "all" or "any" shall mean "all and any," and the word "including" means "including without limitation."

14. The use of a verb tense encompasses the use of that verb in all other tenses.

15. All references to the singular encompass the plural, and all references to the plural encompass the singular.

16. The use and definition of any of these words or terms is not contingent on the capitalization or lack of capitalization of those terms as used below. Some terms may be capitalized, including without limitation at the beginning of a sentence, or not capitalized—regardless, the above definitions should be considered to apply.

## INSTRUCTIONS

1. If you require clarification of a definition of any term to comply with any Request, please contact an attorney for Carrum and request such clarification or definition.

2. In responding to these Requests, you shall produce all responsive documents in your possession, custody, or control or in the possession, custody, or control of any of your respective predecessors, successors, managing agents, agents, attorneys, accountants, or other representatives.

3. You shall deem a document to be in your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4.  You shall produce such documents as soon as is reasonably possible after they are located or obtained.

5.  You shall answer each Request on the basis of your entire knowledge from all sources after conducting an appropriate good-faith inquiry and search.

6.  If any responsive document was, but is no longer, in your possession or subject to your control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, the circumstances surrounding such disposition, and any and all records pertaining to its loss, transfer, or destruction.

7.  If you or your attorneys know of the existence of any document called for in a Request but such document or thing is not presently in your possession, custody, or control or in the possession, custody, or control of your agents, representatives, or attorneys, you shall so state in response to the Request, identify such document or thing in response to the Request, and identify the individual in whose possession, custody, or control the document or thing was last known to reside.

8.  In the event you withhold any document on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter, date, recipients, and author of the document withheld in a manner sufficient to disclose facts upon which you rely in asserting your claim and to permit identification of the grounds and reasons for the document's withholding.

4

9. If you withhold a portion of any document responsive to these Requests under a claim of privilege pursuant to Instruction 8, produce any non-privileged portion of such document with the portion claimed to be privileged redacted.

10. Produce documents as they are maintained in the normal course of business and:

    a. all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file;

    b. all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

    c. each page shall be given a discrete production number.

11. Except as qualified in Instructions 8 and 9, produce each document requested herein in its entirety, without deletion or excision regardless of whether you consider the entire document to be relevant or responsive to the Requests.

12. If you contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any of these Requests, then for each such Request:

    a. produce all documents and information that are available to Unified Patents without undertaking what is contended to be an unreasonable burden;

    b. describe with particularity the efforts made by Unified Patents or on Unified Patents' behalf to secure such documents and information; and

    c. state with particularity the grounds on which Unified Patents contends that additional efforts to obtain such documents or information would be unreasonably burdensome.

  13. To the extent you object to any of the Requests, you must state whether any responsive materials are being withheld on the basis of that objection, produce all documents responsive to the Requests to which you object to the extent such partial production is not objectionable, and explain in detail the basis on which such partial production was made for any such Request.

  14. Electronic records or computerized information shall be produced in an intelligible format, together with a description of the system from which the information was obtained and the name of the program that may be used to access or read the records or information sufficient to permit rendering the materials intelligible.

<b><u>DOCUMENTS AND THINGS TO BE PRODUCED</u></b>

**REQUEST FOR PRODUCTION NO. 1:**

 Documents sufficient to show Your communications or relationship with Defendant, any membership or subscription Defendant has to any service You offer, and any payments made by Defendant to You.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning any communications between Defendant and You, including Defendant's attorneys and Your attorneys, relating to the Carrum Patents or to IPR2019-00481.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any communications between Defendant and You, including Defendant's attorneys and Your attorneys, relating to the lawsuit.